```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
    M.A.,                                                    :
                                    Plaintiff,               :
                                                             :    23 Civ. 4530 (LGS)
                    -against-                                :
                                                             :         ORDER
    U.S. CITIZEN AND IMMIGRATION                             :
    SERVICES, et al.,                                        :
                                                             :
                                    Defendants.              :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 31, 2023, the Complaint for a Writ of Mandamus was filed. On May 31, 2023, Plaintiff also filed a motion for leave to proceed anonymously. The Government does not oppose Plaintiff's motion to proceed anonymously;

WHEREAS, Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties." The Second Circuit has recognized that, while it is sometimes appropriate for a litigant to proceed under a pseudonym, Rule 10(a)'s requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008); *accord Sikhs for Just. v. Mann*, No. 23 Civ. 2578, 2023 WL 2876736, at *2 (S.D.N.Y. Apr. 10, 2023). "[P]seudonyms are the exception and not the rule," and a party seeking to "receive the protections of anonymity . . . must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).

WHEREAS, when considering a plaintiff's request to proceed anonymously, courts in this Circuit balance "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. The Second Circuit has set forth a non-exhaustive list of ten factors to guide courts in balancing these

interests. *Id.* at 189-90.  Specifically, courts should consider whether (1) the litigation involves matters that are highly sensitive and personal; (2) identification poses a risk of physical or mental retaliation against the party seeking to proceeding anonymously or innocent non-parties; (3) identification presents other harms and the likely severity of those harms; (4) the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) the suit is challenging the actions of the government or that of private parties; (6) the defendant is prejudiced by allowing the plaintiff to press his claims anonymously; (7) the plaintiff's identify has thus far been kept confidential; (8) the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) there is an atypically weak public interest in knowing the litigants' identities and (10) there are any alternative mechanisms for protecting the plaintiff's confidentiality.  *See id.*;

      WHEREAS these factors overwhelmingly favor granting Plaintiff's motion to proceed anonymously.  Plaintiff is a Yemeni national seeking asylum in the United States.  While in Yemen, he was outspoken and critical of the Houthi militant group's ideology and public violence.  Plaintiff was subjected to multiple forms of persecution by members of the Houthi group, including being abducted at gunpoint and being prevented from practicing his faith freely.  The nature of Plaintiff's asylum proceeding is highly personal, involving Plaintiff's faith and political involvements, for which he received death threats from militants.  If Plaintiff's identity were made publicly available, it could place him in danger if he ever returns to Yemen, or endanger his family still in Yemen, many of whom are well known in the community.  Moreover, Plaintiff has thus far been proceeding under a pseudonym, and granting the anonymity motion does not pose any conceivable prejudice to the Government, which does not oppose the motion.

*Accord Doe v. Barr*, 479 F. Supp. 3d 20, 26 ("The Court recognizes the difficulty victims face in coming forward with their stories and seeking justice."). It is hereby

**ORDERED** that Plaintiff's motion to proceed anonymously is GRANTED. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 4.

Dated: July 18, 2023
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**